
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN J. KAULICK, | No. 11-15213 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02611-GEB-KJN |
| v. | |
| MARTINEZ; et al., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| M. MARTEL, Warden; SUPERIOR COURT OF AMADOR COUNTY; PEOPLE OF THE STATE OF CALIFORNIA | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

_____

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted September 12, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE,[**] Chief District Judge.

California state prisoner Steven J. Kaulick appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising out of an allegedly improper "R" suffix designation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A district court's dismissal of a claim based on a statute of limitations is reviewed de novo." *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). Any claim based on the original 2001 designation is clearly time-barred. Moreover, any claim based on the 2006 decision is also time-barred to the extent that the 2006 decision was a "delayed, but inevitable, consequence of the original [2001 designation]." *Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012).

Even if the 2006 decision were an independent and discrete act, Kaulick's claim must fail. If the Unit Classification Committee finds that an inmate may no longer require an "R" suffix, the committee refers the case to the Institution

---

[**]The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

2

Classification Committee ("ICC") for review. *See* 15 C.C.R. § 3377.1(b)(6). Once referred to the ICC for review, the ICC can reverse an "R" suffix "only if new and compelling information is obtained." *See Id*. § 3377.1(b)(8). In light of this exceedingly narrow standard, Kaulick cannot prevail on his due process challenge because he did not obtain "new and compelling information" which would have permitted a reversal of his status.

For these reasons, the district court properly dismissed this action.

**AFFIRMED.**